557 A.2d 1157.

George F. Egner, and North Hotel Realty Co., t/a Sheraton Inn Northeast, a partnership, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued March 7, 1989, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Jerrilyn G. Marston*, with her, *Jeffrey A. Less, Bazelon & Less,* for petitioner.

*Bryan E. Barbin,* Deputy Attorney General, with him, *Ernest D. Preate, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 26, 1989:

The sole issue in this case, one of first impression, is whether the exemption provisions of the Pennsylvania Hotel Occupancy Tax require direct billing to the United States Government in order for the federal exemption to apply.

George F. Egner and North Hotel Realty Co., t/a Sheraton Inn Northeast (Sheraton), appeal an order of the Pennsylvania Board of Finance and Revenue (board) refusing Sheraton's petition for review of action taken by the Department of Revenue for reassessment of sales tax. The board held Sheraton "liable for the hotel occupancy tax at issue inasmuch as it did not establish that the federal government directly paid this tax as required by 61 Pa. Code §38.2."

Sheraton is engaged in the business of renting rooms to the transient public, including employees of the federal government. This action arises from an audit of Sheraton's business, conducted by the Bureau of Audits of the Pennsylvania Department of Revenue, for the time period January 1, 1982 through December 31, 1985. The bureau initially assessed a tax deficiency of $64,456.54, plus interest and penalties.

Sheraton maintains that federal employees are exempt from state taxation when occupying a room while on official government business, and that it obtained adequate proof that the individuals staying at the hotel were federal government employees on official business. The bureau contends that federal employees are not exempt from hotel occupancy tax if they initially pay for the rooms themselves, even if they are to be reimbursed by the federal government; the exemption applies only if the bill

is sent directly to, and paid directly by, the federal government. Therefore, the bureau assessed Sheraton for hotel occupancy taxes that had not been collected from federal employees who, although occupying rooms while on official business, had personally paid the bill.

On August 22, 1986, Sheraton filed a petition for reassessment with the Department of Revenue's Board of Appeals to contest the assessment. The Board of Appeals upheld the bureau's position in its entirety, but abated the penalties against Sheraton because it found that Sheraton's position was based upon a reasonable interpretation of the regulations and that Sheraton had acted in good faith.

On April 20, 1987, Sheraton filed a petition for review with the Board of Finance and Revenue. On August 26, 1987, the board refused the petition because Sheraton did not establish that the federal government directly paid the tax.

Sheraton now appeals to this court contesting the result reached by the Board of Finance and Revenue on the basis of a reading of a direct billing requirement into the regulation which provides for exemptions from the hotel occupancy tax. Sheraton seeks to have the assessed deficiency reduced by $44,435.96. The parties have stipulated that this total is comprised of $23,039.62 assessed on transactions where the hotel did not charge the 6% hotel occupancy tax to federal government employees presenting exemption certificates, and $21,396.34 assessed on transactions where the employees had stated that they were on official government business, but no exemption certificates were obtained. Sheraton concedes the $20,020.58 remaining from the initially assessed deficiency.

Upon a record consisting of the above stipulation, we must construe the law and regulations to determine

whether exemption is confined to transactions involving direct billing to the United States.

Section 210 of the Tax Reform Code of 1971,[1] states:

**§7210. Imposition of tax**

There is hereby imposed an excise tax of six per cent of the rent upon every occupancy of a room or rooms in a hotel in this Commonwealth, which tax shall be collected by the operator from the occupant and paid over to the Commonwealth as herein provided.

Title 61 Pa. Code §38.2 regulates exemptions from the Hotel Occupancy Tax, and addressing the United States Government, it specifies:

(c) *Occupancy of hotel rooms by United States Government.* Occupancy of hotel rooms by the United States Government shall be exempt from tax in accordance with the following:

(1) Occupancy of rooms by the Government of the United States, or its agencies, or by an employe or representative of the Government of the United States or its agencies, when such occupancy is solely for official purposes and the rent is paid by the Government of the United States or its agencies, is exempt from tax.

There is no express statement to the effect that the exemption applies only when the Government of the United States is billed directly.

The United States Supreme Court has long held that the Supremacy Clause of the United States Constitution forbids the states from directly taxing the federal government or its instrumentalities. *McCulloch v. Maryland,* 4 Wheat 316, 4 L.Ed. 579 (1819).

In 1977, the Supreme Court ruled that "[s]o long as the tax is not directly laid on the Federal Government, it

---

[1] Act of March 4, 1971, P.L. 6, 72 P.S. §7210.

is valid if nondiscriminatory ... or until Congress declares otherwise." *United States v. County of Fresno*, 429 U.S. 452, 460 (1977) (citing *James v. Dravo Contracting Co.*, 302 U.S. 134, 150, 161 (1937)).

> More recently the Supreme Court concluded that:
> [T]ax immunity is appropriate in only one circumstance: when the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned.

*United States v. New Mexico*, 455 U.S. 720, 735 (1982).

Both tests have since been adopted simultaneously when resolving tax situations. *Washington v. United States*, 460 U.S. 536, 540 (1983). Therefore, the ultimate question is whether hotel occupants presenting themselves as federal government employees on government business are instrumentalities so closely connected to the government that the federal government is being taxed directly.

A government employee occupying a room while on government business cannot be classified as an individual occupying the room for personal reasons, regardless of who provides *immediate* compensation to the hotel. The person is a hotel occupant *only* because of the government business. Therefore, when an individual is occupying a room while in her capacity as a government employee on official business, we must conclude that person is a functioning instrument of the federal government.

Because the employee, who is to be reimbursed, is an instrument of the federal government, any expenses incurred by that employee arising from the course of business are costs, including taxes, incurred by the federal government. Although the employee may assume the

temporary responsibility of paying a hotel bill, the actual financial burden falls on the federal government; realistically, "the rent is paid by the Government of the United States," as the exemption regulation states.

The heading of section (c) of 61 Pa. Code §38.2 is "Occupancy of hotel rooms by United States Government." Obviously, the "Government" cannot occupy a room. The intent of the regulation is to exempt those acting in their capacity as the government from hotel occupancy taxes.

One further indication that 61 Pa. Code §38.2(c) does not require direct billing to the federal government is section (d) of 61 Pa. Code §38.2. That section provides the following:

(d) *Occupancy of hotel rooms by other exempt entities.* Occupancy of rooms, the charges for which are billed to and paid by the following organizations, shall be exempt from tax. Charges paid by employes or other agents of these organizations shall be subject to tax *even though the employe or agent is reimbursed by the exempt organization* ... . (Emphasis added.)

The exclusion of a reimbursement provision in 61 Pa. Code §38.2(c) indicates that the legislature felt no need to differentiate between "the Government" and its reimbursed employees.

Sheraton properly recognized the illegality of collecting hotel occupancy taxes from federal government employees occupying a room while on official business. However, the law requires that Sheraton obtain documented proof of the occupant's entitlement to the hotel occupancy tax exemption. Title 61 Pa. Code §32.2(a)(2) states:

§32.2. Exemption certificates.

(a) *When exemption certificates are required.*
Every person who is required by the act to collect

tax upon sales or rentals of tangible personal property or taxable service shall, in every case in which he has not collected tax, have *available for Departmental inspection* a valid, properly executed exemption certificate which was accepted in good faith or, in lieu of the certificate, the following:

. . . .

(2) Documentary evidence that his customer is the United States or an instrumentality thereof, the Commonwealth, or a political subdivision or instrumentality of the Commonwealth.

Therefore, in those instances where Sheraton was unable to provide the bureau with exemption certificates or documentary evidence identifying the customer, the bureau properly assessed the tax deficiency of $21,396.34 (as stipulated by the parties).

Accordingly, holding that 61 Pa. Code §38.2(c) does not require payment directly by the federal government, we reverse the decision of the board in part and we remand this matter to the Pennsylvania Department of Revenue to reduce the assessed tax deficiency against Sheraton by $23,039.62, but we affirm in part, as to the $21,396.34 assessment for exemption claims unsupported by exemption certificates.

### ORDER

NOW, April 26, 1989, subject to the filing of exceptions under Pa. R.A.P. 1571(i), the order of the Board of Finance and Revenue, No. RST-10,732, dated August 26, 1987, is reversed and remanded to the Department of Revenue for reassessment of tax liability to be in the following amounts: Hotel Occupancy Tax, $33,573.68; Sales Tax, $3,965.96; Use Tax, $3,877.28, plus appropriate interest.